Matthew Kadushin (MK-1968)
Michael D. Palmer (MP-5090)
D. Maimon Kirschenbaum (DK-2448)
Charles Joseph (CJ-9442)
JOSEPH, HERZFELD, HESTER &
KIRSCHENBAUM LLP
757 Third Avenue, 25th Floor
New York, NY 10017
(212) 688-5640
(212) 688-2548 (fax)

*Attorneys for Plaintiffs, proposed collective
action members and proposed class*



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
RANDY BONITO and BRIAN CESPEDES
on behalf of themselves and all others
similarly situated,

        Plaintiffs,

v.

AVALON PARTNERS, INC, and VINCENT
AU,

        Defendants.
-----------------------------------------------------------x

INDEX NO: 10-CV-3606 (NRB)

**FIRST AMENDED
COMPLAINT**

**FLSA COLLECTIVE ACTION AND
RULE 23 CLASS ACTION**

**DEMAND FOR JURY TRIAL**

1. Plaintiffs Randy Bonito and Brian Cespedes, on behalf of themselves and all others similarly situated, allege as follows:

## JURISDICTION AND VENUE

2. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they are so related in this action within such original

1

jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## PARTIES

4. All Defendants are hereinafter collectively referred to as "Defendants" or "Avalon"

5. Defendant Avalon Partners, Inc. is a New York corporation, with their principle place of business located at 30 Broad Street, 24th Floor, New York, NY 10004.

6. Upon information and belief, Defendant Vincent Au is the President, Chief Executive Officer, Chief Compliance Officer, owner and operator of Avalon Partners, Inc. and has, at all relevant times, exercised sufficient control of their day-to-day operations to be considered Plaintiffs' employer under the Fair Labor Standards Act and New York state law.

7. Within the last three years, Defendants have operated as broker-dealers.

8. Plaintiff Randy Bonito is a resident of New Jersey. He worked for Defendants in Manhattan from approximately March 2006 until March 2009.

9. Plaintiff Brian Cespedes is a resident of New York City. He worked for the Defendants in Manhattan from approximately March 2006 until March 2009.

## FLSA COLLECTIVE ACTION ALLEGATIONS

10. Plaintiffs bring the First Claim for Relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all Avalon employees who were employed as stock brokers at any New York location on or after the date that is three years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

11. At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them at least one and one half times their regular rates for work in excess of forty (40) hours per workweek, and illegally deducting wages. The claims of Plaintiffs stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

12. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

13. Plaintiffs bring the Second, Third, Fourth, and Fifth Claims for Relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, of all Avalon employees who were employed as stock brokers at any New York location on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

14. All said persons, including Plaintiffs, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said F.R.C.P. 23.

15. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are significantly more than forty (40) members of the Class.

16. Plaintiffs' claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay overtime compensation, and illegal retention of wages. Defendants'

corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

17. Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

18. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are relatively small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual

litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

19. Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

20. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

   a. Whether Defendants employed Class members within the meaning of the New York law;

   b. Whether Defendants unlawfully failed to properly compensate Class members for all hours worked in violation of 12 NYCRR, § 142-2.2;

c. Whether Defendants made unlawful deductions from Class members' paychecks in violation of New York Labor Law §193;

d. Whether Defendants paid Class members for their earned wages and commissions;

e. Whether Defendants timely paid Class members their earned wages and commissions as required under New York Labor Law §191(1)(c);

f. Whether Class members are entitled to damages, and if so, the means of measuring such damages;

g. Whether Defendants are liable for Class members' attorneys' fees and costs; and

h. Whether Defendants are liable for liquidated damages.

## FACTS

21. Defendants committed the following acts knowingly and willfully.

22. Defendants are engaged in the business of generating income off security transactions.

23. Plaintiffs worked as Commission Brokers for Defendants.

24. During the Class Period, Defendants did not pay commission brokers a salary or hourly wage.

25. Commission brokers received all of their compensation in the form of commission and did not receive a salary or hourly wage.

26. Upon information and belief, during the Class Period, Defendants were supposed to pay commissioner brokers their earned wages/commission once a month.

27. However, Defendants often did not pay the commission brokers their earned monthly wages/commission in the agreed upon time frame.

28. Defendants routinely made illegal deductions from commission brokers' wages/commissions. For example, Defendants withheld money (1) to pay administrative assistants, support staff and broker trainees; (2) to cover account maintenance fees when those fees were not timely paid by a customer; (3) to pay for lost gross commissions when a customer asserted a trade was made improperly or incorrectly; and (4) to pay for legitimate and erroneous FedEx charges.

29. These deductions did not benefit Plaintiffs and were not authorized by statute.

30. Defendants classified commission brokers as "exempt" employees.

31. During the Class Period, commission brokers regularly worked more than 40 hours in a week. However, they did not receive any additional compensation for hours worked in excess of 40 per week.

32. Upon information and belief, all Class members were subjected to the same policies and practices described herein regarding not being paid for hours worked in excess of 40 per week and illegal paycheck deductions.

33. Plaintiffs and other members of the Class sustained substantial losses from the acts and omissions described herein.

34. Upon information and belief, Defendants, through their corporate management, deliberately trained, supervised, instructed, and authorized managerial employees to engage in the above unlawful practices and have ratified their actions thereafter in order to enhance corporate profits and reduce labor costs.

## FIRST CLAIM FOR RELIEF
### (FLSA Overtime Violations, 29 U.S.C. §§ 201 *et seq.*)
### (Brought by Plaintiffs on Behalf of Themselves and the FLSA Collective Plaintiffs)

35. Plaintiffs, on behalf of themselves and other FLSA Collective Plaintiffs, reallege and incorporate by reference all previous paragraphs.

36. Throughout the statute of limitations period covered by these claims, Plaintiffs and the other FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per workweek and continue to do so.

37. At all relevant times, Defendants had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay the FLSA Collective Plaintiffs at one and one half times their regular rates for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA even though the FLSA Collective Plaintiffs have been and are entitled to overtime.

38. At all relevant times, Defendants willfully, regularly and repeatedly failed to pay Plaintiffs and the FLSA Collective Plaintiffs one and one half times their regular rates for work in excess of 40 hours per workweek.

39. Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, seek damages in the amount of their respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
### (Overtime Violations, 12 NYCRR § 142-2.2)
### (Brought by Plaintiffs on Behalf of Themselves and the Class)

40. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

41. Throughout the Class Period, Plaintiffs and Class members regularly worked in excess of 40 hours per workweek.

42. At all relevant times, Defendants operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing to pay Plaintiffs and Class Members at one and one half times their regular rate wage for work in excess of 40 hours per workweek, and willfully failing to keep records required by the NYCRR even though the Plaintiffs have been and are entitled to overtime compensation.

43. At all relevant times, Defendants willfully, regularly, and repeatedly failed to pay Plaintiffs and Class members the required overtime rates of one and a half times their regular rate for hours worked in excess of 40 hours per workweek.

44. Plaintiffs and the Class members seek damages in the amount of their respective unpaid overtime compensation, as well as, liquidated damages, pre- and post-judgment interest, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## THIRD CLAIM FOR RELIEF
### (Impermissible Wage Deductions, N.Y. Lab. L. § 193,
### (Brought by Plaintiffs on Behalf of Themselves and the Class)

45. Commission brokers reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

46. Throughout the Class Period, Defendants routinely made numerous deductions from Class members' wages/commissions.

47. The deductions made by Defendants did not benefit the employees from whom they were made and were not otherwise permitted by the statute. Additionally, the deductions were made without the written consent of Plaintiffs or, upon information and belief, other Class members.

48. Plaintiffs and the Class members seek damages in the amount of all improper deductions, as well as, liquidated damages, pre- and post-judgment interest, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

### FOURTH CLAIM FOR RELIEF
**(Illegal Pay Deductions & Deductions from Wages, N.Y. Lab. L. §198-b)**
**(Brought by Plaintiffs on Behalf of Themselves and the Class)**

49. Plaintiffs, on behalf of themselves and the Class members, reallege and incorporate by reference all previous paragraphs.

50. Defendants routinely made improper deductions from the earned wages/commissions of Plaintiffs' and the Class members.

51. In so doing, Defendants required a return of a portion of Plaintiffs' and the Class members' wages/commissions in exchange for them retaining employment.

52. As a result of Defendants' willful and unlawful conduct, Plaintiffs and the Class members are entitled to an award of damages in the amount of all improper deductions, as well as, liquidated damages, pre- and post-judgment interest, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

# FIFTH CLAIM FOR RELIEF
## (Failure to Timely Pay Wages & Commissions According to Terms of Employment, N.Y. Lab. L. §191)
### (Brought by Plaintiffs on Behalf of Themselves and the Class)

53. Plaintiffs, on behalf of themselves and the Class members, reallege and incorporate by reference all previous paragraphs.

54. Plaintiffs and the Class members qualify as "commission salesmen" under N.Y. Lab. L. §190(6).

55. Defendants routinely made improper deductions from the earned wages and commissions of Plaintiffs' and the Class members.

56. Defendants routinely failed to pay Plaintiffs' and the Class members their earned wages and commissions.

57. Defendants failed to pay Plaintiffs and the Class members their earned wages and commissions in accordance with agreed terms of employment.

58. Defendants failed to timely pay Plaintiffs and the Class members their earned wages and commissions as required under N.Y. Lab. L. § 191(1)(c).

59. As a result of Defendants' willful and unlawful conduct, Plaintiffs and the Class members are entitled to an award of damages in the amount to be determined at trial, as well as, liquidated damages, pre- and post-judgment interest, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated, pray for relief as follows:

A. Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs (asserting FLSA claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B. Designation of Plaintiffs as Representatives of the FLSA Collective Plaintiffs;

C. Designation of this action as a class action pursuant to F.R.C.P. 23.

D. Designation of Plaintiffs as Representatives of the Class.

E. An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

F. Penalties available under applicable laws;

G. Costs of action incurred herein, including expert fees;

H. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. § 663 and other applicable statutes;

I. Pre-Judgment and post-judgment interest, as provided by law; and

Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: New York, NY
May 4, 2010

Respectfully submitted,

/s/ Matthew D. Kadushin
Matthew D. Kadushin (MK-1968)

Michael D. Palmer (MP-5090)
D. Maimon Kirschenbaum (DK-2448)
Charles Joseph (CJ-9442)
JOSEPH, HERZFELD, HESTER &
KIRSCHENBAUM LLP
757 Third Avenue, 25th Floor
New York, NY 10017
(212) 688-5640
(212) 688-2548 (fax)

*Attorneys for Plaintiffs, proposed collective action members and proposed class*

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to which they have a right to jury trial.